IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TINKESH VALSADI, | ) | CASE NO. 3:11 CV 2014 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| EDWARD SHELDON, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -4-
    A.    Background facts, trial and sentence . . . . . . . . . . . . . . . . . . . . . . . . . .  -4-
    B.    Direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -6-
        1.    Ohio court of appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -6-
        2.    Supreme Court of Ohio . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -7-
    C.    Post-conviction petitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -8-
        1.    Petition to vacate or set aside judgment . . . . . . . . . . . . . . . . . . .  -8-
        2.    Rule 26(B) application to reopen the appeal  . . . . . . . . . . . . . . .  -10-
    D.    Federal habeas petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -11-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -13-
    A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -13-
    B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -14-
        1.    Procedural default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -14-
        2.    Non-cognizable claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -17-
        3.    AEDPA review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -18-
    C.    Application of standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -21-
        1.    Ground one should be denied on the merits because the Ohio appeals
                court did not unreasonably apply clearly established federal law in
                holding that evidence of prior sexual harassment charge by the victim
                was inadmissible and so did not violate the Confrontation Clause.
                . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -21-
        2.    Ground two – alleging that admission of prior bad acts evidence
                violated rights to due process and equal protection – should be denied

as non-cognizable because there is no clearly established federal law applicable to this claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -25-

3.    Grounds three (ineffective assistance of trial counsel) and four (ineffective assistance of appellate counsel) should be dismissed as procedurally defaulted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -27-

    a.    Ground three . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -28-

        i.    The allegations of ground three and the State's argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -28-

        ii.    Valsadi's response . . . . . . . . . . . . . . . . . . . . . . . . -29-

        iii.    Procedural default – first three sub-grounds . . . . -29-

        iv.    Sub-grounds four and five of ground three . . . . . -30-

        v.    "Cause" for defaulting sub-grounds four and five . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -31-

        vi.    "Prejudice" as to sub-grounds four and five . . . . -33-

        vii.    Conclusion – all of ground three is procedurally defaulted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -36-

    b.    Ground four . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -36-

        i.    Specific allegations, the State's arguments, and Valsadi's response . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -36-

        ii.    Default analysis . . . . . . . . . . . . . . . . . . . . . . . . . -38-

        iii.    Detailed analysis and recommended disposition of sub-grounds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -39-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -43-

## Introduction

Before me by referral[1] is the *pro se* petition of Tinkesh Valsadi for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Valsadi was convicted of rape in 2009 at a jury trial in the Wood County Court of Common Pleas and then sentenced to a term of six years in prison.[3]

_____

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Benita Y. Pearson in a non-document order entered December 9, 2011.

[2] ECF # 1.

[3] *Id.* at 1.

He is presently incarcerated under terms of that sentence at the North Central Correctional Institution in Marion, Ohio.[4]

In his petition, Valsadi asserts four grounds for relief.[5] In its return of the writ, the State of Ohio, representing Warden Neil Turner, argues that ground three and most of ground four should be dismissed as procedurally defaulted[6] and that ground two should be dismissed as stating a non-cognizable state-law evidentiary claim.[7] Further, the State contends that ground one should be denied because the decision of the state appeals court on this issue was not an unreasonable application of clearly established federal law[8] and that the remaining portion of ground four, which alleges ineffective assistance of appellate counsel, should be denied on the merits because the allegation is factually incorrect.[9]

For the reasons stated below, I will recommend that Valsadi's petition for habeas relief be dismissed in part and denied in part.

---

[4] *Id.*; *see also*, www.drc.ohio.gov.

[5] *Id.* at 5, 7, 8, and 12.

[6] ECF # 8 at 11-19.

[7] *Id.* at 28-34.

[8] *Id.* at 21-28.

[9] *Id.* at 34-37.

# Facts

## A.    Background facts, trial and sentence

The background facts related here were found by the Ohio appellate court.[10]

The victim was the general manager of a Perrysburg, Ohio, motel where Valsadi was employed and also resided.[11] One day in 2007, while both the victim and Valsadi were doing their personal laundry in the hotel laundry room, the victim assisted Valsadi in completing his laundry and then agreed to help him take his clothes back to his room.[12] Once inside, Valsadi attempted to kiss the victim while pressing her against the wall, but, as she resisted, she fell onto a bed where Valsadi restrained her and raped her.[13] After Valsadi finished this assault and smoked a cigarette, the victim attempted to retrieve her clothes and leave, but Valsadi pulled her back into bed and raped her again.[14]

---

[10] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[11] ECF # 8-1 (state court record) at 76-77.

[12] *Id.* at 77.

[13] *Id.*

[14] *Id.*

The victim did not tell anyone at the time about this event, fearing she would lose her job.[15] But, in 2008, while making a police report on another matter, the victim told police about the rape.[16]

Prior to trial, the court (1) denied a defense motion to introduce evidence of a prior false report of rape by the victim, and (2) granted a prosecution motion to introduce evidence of prior conduct by the defendant.[17] At trial the prosecution witnesses, in addition to the victim, included: (a) a person who was incarcerated with Valsadi after his arrest who testified that Valsadi told him he had raped a co-worker;[18] and (b) the owner of the motel, who testified that Valsadi had been fired for attempting to kiss another employee.[19] Valsadi testified at trial denying the allegations.[20]

In June, 2009, the jury found Valsadi guilty of one count of first-degree rape, and the court then sentenced him to six years in prison, classifying him as a sex offender.[21]

---

[15] *Id.* at 78.

[16] *Id.*

[17] *Id.* at 13-18.

[18] *Id.* at 78-79.

[19] *Id.* at 79.

[20] *Id.*

[21] *Id.* at 19-21.

**B.**     **Direct appeal**

*1.*     *Ohio court of appeals*

Represented by a different counsel than at trial,[22] Valsadi file a timely[23] notice of appeal with the Ohio appeals court.[24] In his brief, Valsadi raised the following five assignments of error:

I.     THE TRIAL COURT ERRED IN DENYING VALSADI THE RIGHT TO CONFRONT AND CROSS-EXAMINE WITNESSES, A FAIR TRIAL, AND DUE PROCESS OF LAW, IN VIOLATION OF HIS FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, §§10 AND 16 O [sic] THE OHIO CONSTITUTION, WHEN IT IMPROPERLY LIMITED CROSS-EXAMINATION TO PRECLUDE EVIDENCE OF FALSE ACCUSATIONS BY THE ALLEGED VICTIM.

II.     THE TRIAL COURT VIOLATED BOTH R.C. 2907.02(D) AND EVID. R. 403 IN PERMITTING THE STATE OF OHIO TO INTRODUCE EVIDENCE TENDING TO SHOW THAT THE DEFENDANT COMMITTED ANOTHER SIMILAR, BUT SEPARATE OFFENSE AND IN DOING SO DENIED HIM HIS RIGHT TO THE DUE PROCESS OF LAW UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

III.     THE TRIAL COURT VIOLATED VALSADI'S RIGHT TO DUE PROCESS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION WHEN IT UPHELD THE JURY VERDICT AS IT WAS NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

---

[22] *See*, ECF # 1 at 14.

[23] Valsadi's sentence was entered on August 3, 2009, and the notice of appeal filed August 19, 2009. This is within the 30 days allowed by Ohio Appellate Rule 4(A).

[24] ECF # 8-1 at 22.

IV.    VALSADI WAS DENIED HIS CONSTITUTIONAL RIGHT TO
EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION AND ARTICLE 1, SECTIONS 10 AND 16 OF
THE OHIO CONSTITUTION.

V.     THE DEFENDANT APPELLANT'S RIGHT TO A FAIR TRIAL UNDER
HIS FIFTH, SIXTH AND 14TH AMENDMENTS TO THE U.S.
CONSTITUTION WAS DENIED BECAUSE OF CUMULATIVE ERRORS
COMMITTED DURING THE TRIAL OF THIS CASE BY THE COURT
AND COUNSEL.[25]

The State filed a brief in response,[26] and on October 15, 2010, the Ohio appeals court

affirmed the judgment of the trial court, overruling all of Valsadi's assignments of error.[27]

### 2.    Supreme Court of Ohio

Valsadi, *pro se*, then timely[28] filed a notice of appeal with the Supreme Court of

Ohio.[29] In the memorandum in support of jurisdiction, Valsadi asserted two propositions of

law:

Proposition of Law # 1: The Trial Court denied Appellant the right to confront
and cross examine witnesses, a fair trial, and due process of law, in violation
of his Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and
Article I, section [sic] 10 and 16 of the Ohio Constitution.

---

[25] *Id.* at 27-28.

[26] *Id.* at 52-75.

[27] *Id.* at 76-95.

[28] The notice of appeal was filed November 29, 2010, or 44 days after the judgment
of the appeals court. As such, it is within the 45 days permitted by the Ohio Supreme Court
rules of practice.

[29] ECF # 8-1 at 96-97.

Proposition of Law # 2: The Trial Court violated both R.C.2907.02 (D) and Evidence Rule 403 in Permitting the State of Ohio to introduce evidence showing that the defendant committed a previous similar offense and denied him right to the Due Process Protections under the Sixth Amendment of the U.S. Constitution.[30]

The State filed a memorandum in opposition.[31] On February 16, 2011, the Supreme Court of Ohio denied leave to appeal, dismissing Valsadi's appeal as not involving any substantial constitutional question.[32] Valsadi did not seek a writ of certiorari from the Supreme Court of the United States.

**C.     Post-conviction petitions**

*1.     Petition to vacate or set aside judgment*

On February 23, 2010, while his direct appeal was still pending before the Ohio appeals court, Valsadi, *pro se*, filed a motion in the trial court to vacate or set aside the judgment[33] on the following grounds:

Petitioner received ineffective assistance of trial counsel violating the 6th Amendment of the U.S. Constitution and Art.I, Section 10 of the Ohio Constitution.[34]

---

[30] *Id.* at 99.

[31] *Id.* at 135-48.

[32] *Id.* at 149.

[33] *Id.* at 150-55.

[34] *Id.* at 151.

-8-

Without a response by the State or conducting a hearing, the trial court denied the motion on March 4, 2010.[35]

Valsadi then timely[36] appealed.[37] The Ohio appeals court, *sua sponte*, dismissed the appeal for failure to file a supporting brief.[38] A subsequent motion by Valsadi for reconsideration[39] was denied.[40]

Valsadi timely[41] appealed this decision to the Supreme Court of Ohio,[42] setting forth a single proposition of law in his jurisdictional memorandum:

> Proposition of Law No. I  It is ineffective assistance of counsel for trial counsel to meet with defendant only twice for fifteen minutes each, refusing to let defendant's wife testify at trial to refute the prosecutor thereby leading to defendant's conviction and sentence.[43]

---

[35] *Id.* at 156.

[36] The notice of appeal was filed March 19, 2010, or just 15 days after the judgment. This is within the 30 days provided by Ohio Appellate Rule 4(A).

[37] ECF # 8-1 at 157-58.

[38] *Id.* at 160.

[39] *Id.* at 161-63.

[40] *Id.* at 164-65.

[41] The notice of appeal was filed June 25, 2010 from the decision entered on June 8, 2010. This makes it timely under the Ohio Supreme Court Rule of Practice.

[42] ECF # 8-1 at 166-67.

[43] *Id.* at 171.

The State filed a memorandum in opposition.[44] The Ohio Supreme Court denied leave to appeal, dismissing the appeal as not involving any substantial constitutional question.[45]

## 2.    *Rule 26(B) application to reopen the appeal*

While the direct appeal was still pending before the Supreme Court of Ohio, Valsadi, *pro se*, filed an application in the state appeals court to re-open his appeal, alleging ineffective assistance of appellate counsel as follows:

> ASSIGNMENT OF ERROR #1 APPELLANT COUNSEL WAS INEFFECTIVE FOR FAILING TO ARTICULATE AND LIST THE SPECIFIC STATEMENTS THAT PREJUDICED THE DEFENDANT ALLOWED INTO TESTIMONY AT TRIAL AND BY FAILING TO CLAIM INEFFECTIVE ASSISTANCE FOR FAILING TO OBJECT TO THOSE STATEMENTS AT TRIAL BY TRIAL COUNSEL WITHIN THE ASSIGNMENT OF ERROR FOR INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.[46]

On February 1, 2011, without a response from the State, the Ohio court of appeals denied the motion.[47]

---

[44] *Id.* at 177-84.

[45] *Id.* at 185.

[46] *Id.* at 187.

[47] *Id.* at 237-40.

-10-

Valsadi, *pro se*, then timely[48] appealed this denial to the Supreme Court of Ohio,[49]

raising the following two propositions of law in his jurisdictional memorandum:

> Proposition of Law No. I: Appellate counsel was ineffective for failing to argue the multiple and cumulative errors committed in appellant's trial violating appellant's right to effective assistance of appellate counsel under the Sixth Amendment of the United States Constitution and Article I, §10 of the Ohio Constitution.

> Proposition of Law No. II: There is a conflict of law between the Sixth and Ninth Appellate Districts. The Sixth District allowed other acts evidence under Evid. R. 404(B) to sustain appellant's conviction, but the Ninth District in State v. Morris, 2010 WL 3528992 said unrelated other acts evidence under Evid. R. 404(B) led to reversal of conviction, thus violating appellant's right to equal protection under the law in violation of the Fourteenth Amendment of the United States Constitution and Article I, §2 of the Ohio Constitution.[50]

The State opposed jurisdiction,[51] and on June 8, 2011, the Supreme Court of Ohio

denied leave to appeal, dismissing the matter as not involving any substantial constitutional

question.[52]

## D.    Federal habeas petition

On September 23, 2011, Valsadi, *pro se*, filed the present petition for federal habeas

relief asserting the following four grounds for relief:

---

[48] The appellate court decision was journalized on February 1, 2011, and the notice of appeal filed on March 16, 2011, exactly 45 days after the entry of the judgment being appealed. Thus, the appeal was timely under the Ohio Supreme Court Rules of Practice.

[49] ECF # 8-1 at 241-42.

[50] *Id.* at 244.

[51] *Id.* at 256-68.

[52] *Id.* at 269.

-11-

GROUND ONE: The Trial Court denied Plaintiff the right to confront and cross examine witnesses, a fair trial, and due process of law, in violation of his Fifth, Sixth, & Fourteenth Amendment rights.

Supporting facts: The Trial Court denied Plaintiff his right to confront and cross examine witnesses when it excluded evidence of prior untrue allegations by the alleged victim, and the Court further error in limiting Plaintiff's cross-examination of the victim regarding prior false allegations of sexual activity. This would have hurt the credibility of the victim and changed the outcome of the trial.[53]

GROUND TWO: The Trial Court denied Plaintiff Due Process of Law under the Sixth Amendment and Equal Protection under the Law under the Fourteenth Amendment by using evidence of other acts committed by the Plaintiff that other Ohio Trial and Appellate Courts do not allow.

Supporting facts: The Trial Court allowed evidence of other acts allegedly committed by the Plaintiff to prejudice the jury into convicting the Plaintiff based upon this other acts evidence and not upon evidence of the allegations in the case at bar in contradiction of other laws in Ohio Trial and Appeal Courts that do not allow this evidence to be used thus violating Plaintiff's right to due process of law and equal protection under the law when differing [sic] courts in Ohio have differing [sic] standards of justice and proof to be used to obtain a conviction.[54]

GROUND THREE: Plaintiff was denied his right to effective assistance of counsel under the Sixth and Fourteenth Amendments.

Supporting facts: Trial counsel failed to object to the hearsay statements made by the State's witnesses, failed to object to a hearsay letter written by the alleged victim's doctor, failed to seek in camera inspection of the witness' statements to aid in cross examination, failed to call key witnesses that would have changed the outcome of the trial, and failed to adequately prepare for trial.[55]

_____

[53] ECF # 1 at 5.

[54] *Id.* at 7.

[55] *Id.* at 8.

GROUND FOUR: Plaintiff received ineffective assistance of appellate counsel under the Sixth and Fourteenth Amendments.

Supporting facts: Appellate counsel was ineffective for failing to appeal the multiple and errors committed in plaintiff's trial, such as, the trial judge's failure to advise plaintiff of his constitutional right to appeal without payment, right to counsel without cost on appeal if indigent, and a right to documents without cost to plaintiff if indigent. Trial counsel also was ineffective for refusing to object to the abuse of judicial discretion in refusing to allow prior false accusations of sexual crimes to be brought to the jury's attention which would have changed the outcome of the trial by hurting the credibility of the main witness. Appellate counsel was also ineffective for not arguing that the conviction was against the sufficiency of the evidence. Appellate counsel also should have argued that trial counsel was ineffective for not putting witnesses' names on the witness list which excluded their testimony as to fraud committed by the main witness in the past. Finally appellate counsel should have objected to other acts evidence used to convict.[56]

As noted, the State has filed a return of the writ[57] arguing that the petition should be dismissed in part as procedurally defaulted and non-cognizable. It also maintains that those claims not otherwise dismissed should be denied. Valsadi has filed an extensive traverse.[58]

## Analysis

### A. Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.   There is no dispute that Valsadi is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Valsadi meets the

---

[56] *Id.* at 12.

[57] ECF # 8.

[58] ECF # 12.

"in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[59]

2.      There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[60]

3.      In addition, my own review of the docket in this Court confirms that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[61]

4.      Moreover, subject to the procedural default arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[62]

5.      Finally, Valsadi has not requested the appointment of counsel,[63] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[64]

## B.      Standards of review

### 1.      *Procedural default*

Under the doctrine of procedural default, the federal habeas court may not review a

claim for relief if the petitioner failed to obtain consideration of that claim on its merits in

---

[59] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[60] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[61] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). Although Valsadi in the petition appears to indicate that he filed a prior action in federal Court (ECF # 1 at 19), my review of the docket found no such filing.

[62] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[63] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[64] 28 U.S.C. § 2254(e)(2).

-14-

state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[65]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)     Does a state procedural rule exist that applies to the petitioner's claim?

(2)     Did the petitioner fail to comply with that rule?

(3)     Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)     Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[66]

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[67]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits

---

[65] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[66] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[67] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

will result in a fundamental miscarriage of justice.[68] In addition, a showing of actual innocence may also excuse a procedural default.[69]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[70] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[71] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[72]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[73] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[74]

---

[68] *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004) (citations omitted).

[69] *Id.*

[70] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[71] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[72] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[73] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[74] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

### 2.    *Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[75] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[76] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[77]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[78] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[79] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[80]

---

[75] 28 U.S.C. § 2254(a).

[76] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[77] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[78] *Estelle*, 502 U.S. at 67-68.

[79] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[80] *Id.* at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[81] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[82] and may not second-guess a state court's interpretation of its own procedural rules.[83] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[84] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[85]

**3.    *AEDPA review***

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[86]

---

[81] *Id.*

[82] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[83] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[84] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[85] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[86] 28 U.S.C. § 2254(d).

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[87] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[88] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[89]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[90] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[91]

---

[87] *Williams v. Taylor*, 529 U.S. 362 (2000).

[88] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[89] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[90] *Williams*, 529 U.S. at 411.

[91] *Id.* at 409.

-19-

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[92] and "highly deferential" to the decision of the state court.[93] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[94] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[95]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[96]

Finally, where a state court does not address the merits of a federal claim properly presented to it, "the deference due [a state court decision by the federal habeas court] under the AEDPA does not apply."[97] Then, the federal court must review the claim *de novo*.[98]

---

[92] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[93] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[94] *Harrington*, 131 S. Ct. at 786.

[95] *Id.* at 786-87.

[96] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[97] *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[98] *Id.*

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[99] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[100] In such circumstances, the federal habeas court must give deference to the decision of the state court.[101]

## C.    Application of standards

### 1.    *Ground one should be denied on the merits because the Ohio appeals court did not unreasonably apply clearly established federal law in holding that evidence of prior sexual harassment charge by the victim was inadmissible and so did not violate the Confrontation Clause.*

In ground one Valsadi contends that the trial court denied him his right to cross-examine witnesses when it excluded evidence of a prior untrue rape allegation by the victim.[102]

This claim involves a sexual harassment claim by the victim against a guest at the hotel. The victim alleged that in 2008 an employee of CSX Railroad – a large corporate

---

[99] *Harrington*, 131 S. Ct. at 784-85.

[100] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[101] *Brown*, 656 F.3d at 329.

[102] ECF # 1 at 5.

-21-

customer of the hotel – had forcibly attempted to kiss her. After complaining to CSX, the company held an administrative hearing that resulted in exonerating its employee.

Valsadi attempted to introduce evidence of that charge and the determination made after the administrative hearing as evidence of a prior false accusation of sexual assault.[103] The prosecution sought a motion *in limine* to exclude evidence of the prior charge and the results of the administrative hearing by the railroad, arguing that the hearing was conducted by the alleged attacker's employer and was inherently biased in his favor.[104] After an evidentiary hearing, the trial court granted the prosecution's motion, concluding that although the corporate hearing had exonerated the railroad employee, the victim's sexual assault charge was nevertheless credible.[105] Thus, the Ohio court concluded that because the prior charge was not false, evidence of the charge and the result of the hearing could not be used in this case to impeach the victim's credibility.[106]

After conviction, Valsadi raised the claim on appeal that his constitutional right of cross-examination was infringed by the trial court's ruling that he could not question the victim as to "prior false accusations of sexual activity."[107]

In denying the claim, the state appeals court ruled as follows:

---

[103] ECF # 8-1 at 8.

[104] *Id.*

[105] *Id.* at 87.

[106] *Id.*

[107] *Id.* at 37.

[*P33] "The rights to confront witnesses and to defend are not absolute and may bow to accommodate other legitimate interests in the criminal process. *Chambers v. Mississippi* (1973), 410 U.S. 284, 295, 93 S.Ct. 1038, 1046, 35 L.Ed.2d 297, 309. As the Supreme Court of Wisconsin noted, '[t]he exclusion of evidence of minimal, if any, probative effect in view of its highly inflammatory nature does not depart from general principles of the law of evidence or of constitutional law.' *State v. DeSantis* (1990), 155 Wis.2d 774, 793-794, 456 N.W.2d 600." *State v. Boggs* (1992), 63 Ohio St.3d 418, 422, 588 N.E.2d 813.

[*P34] "R.C. 2907.02 prohibits only evidence of 'sexual activity' of the victim. Because prior false accusations of rape do not constitute 'sexual activity' of the victim, the rape shield law does not exclude such evidence." *Boggs*, supra at 422-423.

[*P35] "When the defense seeks to cross-examine on prior false accusations of rape the burden is upon the defense to demonstrate that the accusations were totally false and unfounded. Hence the initial inquiry must be whether the accusations were actually made by the prosecutrix. Moreover, the trial court must also be satisfied that the prior allegations of sexual misconduct were actually false or fabricated. That is, the trial court must ascertain whether any sexual activity took place, i.e., an actual rape or consensual sex. If it is established that either type of activity took place, the rape shield statute prohibits any further inquiry into this area. Only if it is determined that the prior accusations were false because no sexual activity took place would the rape shield law not bar further cross-examination." Id. See, also, *State v. King*, 4th Dist. No. 2008 CA 00045, 2009 Ohio 5984.

…

[*P38] In this case, the court found that appellant had not met his burden of proving that the victim's allegations against Loftus were false. From the trial court's standpoint, appellant merely proved that the victim made allegations against Loftus that a CSX hearing officer did not find to be credible. This does not preclude the trial court from reaching a different conclusion. We have reviewed the transcript of the evidentiary hearing as well as the evidence submitted in support of appellant's claims. We agree with the trial court that the victim's version of the events of June 5, 2008, remained consistent throughout the investigation and during the hearing. As such, we find no error in the trial court's finding that the victim's allegations against Loftus "had credibility and were not unfounded." Accordingly, the court did not err in

excluding the evidence under the rape shield law. Appellant's first assignment of error is found not well-taken.[108]

On AEDPA review, I note that the Ohio court first correctly identified the applicable clearly established federal law of *Chambers v. Mississippi* relating to limiting cross-examination to accommodate "other legitimate interests in the criminal process" and then viewed that law in light of the "other interests" set out in Ohio's rape shield statute. It further found that because the right to cross-examine a victim about a prior false accusation of rape rests on the premise that the prior accusation was, in fact, false, the trial court's finding that the prior charge here was not false meant that testimony about any actual prior sexual conduct of the victim was barred by Ohio law.

As the State notes here, this conclusion is consistent with the Sixth Circuit's holding in *Boggs v. Collins*.[109] *Boggs* rejected a similar argument to that advanced by Valsadi, observing that no matter how central a victim's credibility is to a defense in a rape case, "the Sixth Amendment only compels cross-examination if that examination aims to reveal the motive, bias or prejudice of the witness/accuser."[110] Absent such a targeted examination, "the Constitution does not require that a defendant be given the opportunity to wage a general attack on credibility by pointing to individual instances of past conduct."[111]

---

[108] *Id.* at 86-88.

[109] *Boggs v. Collins*, 226 F.3d 728 (6th Cir. 2000).

[110] *Id.* at 740.

[111] *Id.*

Here, Valsadi sought to introduce evidence of the past charge and the results of the administrative hearing exactly as a general attack on the victim's credibility. Specifically, Valsadi has not contended that there is any factual similarity between the charge involving the CSX employee and the accusation against him. Moreover, the state trial judge found, after an evidentiary hearing, that the prior accusation was not false, but rather credible, with the administrative hearing likely decided as it was on the basis of the accused's status as a married employee. If the charge is credible, and so evidence of the victim's actual prior sexual history, Ohio's rape shield protection applies.

Accordingly, ground one here should be denied on the merits because the decision of the Ohio appeals court as to that ground is not an unreasonable application of the clearly established federal law of *Chambers*.

**2.**  ***Ground two – alleging that admission of prior bad acts evidence violated rights to due process and equal protection – should be denied as non-cognizable because there is no clearly established federal law applicable to this claim.***

In ground two Valsadi asserts that the trial court violated his rights to due process and equal protection by allowing testimony of prior bad acts (the unwanted sexual advance against Tiffany Dutkiewicz).[112] This ground for relief was presented to the Ohio appeals court on direct appeal as a purported violation of Ohio's evidence law and a constitutional due process claim.[113] After the state appeals court denied the claim, analyzing it exclusively as a matter of Ohio law involving the trial court's discretion to admit prior act evidence that

---

[112] ECF # 1 at 7.

[113] ECF # 8-1 at 38.

shows a similar pattern of conduct,[114] Valsadi raised the issue to the Supreme Court of Ohio again as a violation of Ohio evidence law and his constitutional right to due process.[115]

Thus, I note first, as does the State, that Valsadi has never presented this argument as one involving his constitutional right to equal protection.[116] Thus, the only fairly presented issue in ground two is one centered on a denial of due process.

It is well-settled that issues involving the alleged improper admission of evidence, such as purportedly prejudicial testimony, are not usually cognizable in a federal habeas matter since they involve the application of state law.[117] Only when a state evidentiary ruling is so egregious as to deny fundamental fairness will a federal habeas court consider whether it violated the petitioner's right to due process.[118] In that regard, federal courts define the category of offenses that violate fundamental fairness very narrowly, including only such things that "offend a principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."[119]

As concerns the admission of prior act evidence in itself, the Sixth Circuit clearly teaches that the admission of such evidence is not contrary to any clearly established federal

---

[114] *Id.* at 91.

[115] *Id.* at 99.

[116] ECF # 8 at 29.

[117] *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983).

[118] *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (citation omitted).

[119] *Montana*, 518 U.S. at 43.

law and so cannot be the basis for habeas relief.[120] While the United States Supreme Court has addressed the admission of prior bad act evidence under the Federal Rules of Evidence,[121] the Court has not addressed in constitutional terms the admission of prior bad acts evidence in a state trial.[122]

Therefore, without any clearly established federal law to support this ground for relief, or any argument that the decision of the trial court in this case implicated "fundamental fairness" as that term is understood by the United States Supreme Court, ground two should be dismissed as involving a non-cognizable state law claim.

### 3.     *Grounds three (ineffective assistance of trial counsel) and four (ineffective assistance of appellate counsel) should be dismissed as procedurally defaulted.*

The State contends that all of ground three, which claims five sub-grounds for ineffective assistance of trial counsel, and four of the five listed sub-grounds of ground four, which asserts ineffective assistance of appellate counsel, are procedurally defaulted. Valsadi devotes a substantial portion of his 51-page traverse to responding to the State's arguments.

The specific grounds and sub-grounds raised in the petition will be analyzed here individually. I will conclude that all portions as to both grounds three and four should be dismissed as procedurally defaulted.

---

[120] *Bugh*, 329 F.3d at 512.

[121] *See*, *Old Chief v. United States*, 519 U.S. 172 (1997). Valsadi spends a considerable portion of his traverse arguing inapposite cases arising either under state evidentiary law or the Federal Rules of Evidence. *See*, ECF # 12 at 30-36.

[122] *Bugh*, 329 F.3d at 512.

a.     *Ground three*

i.     The allegations of ground three and the State's argument

Ground three raises the following five particular instances of alleged ineffectiveness of trial counsel:

- "failed to object to hearsay statements made by the State's witnesses;"

- "failed to object to a hearsay letter written by the alleged victim's doctor;"

- "failed to seek an in camera inspection of the witness' statements to aid in cross-examination;"

- "failed to call key witnesses that would have changed the outcome of the trial;"and

- "failed to adequately prepare for trial."[123]

The State contends that although the first three of these sub-grounds were raised to the appeals court in the direct appeal, no claim of ineffective assistance of trial counsel was presented to the Supreme Court of Ohio, thus resulting in the default of these first three arguments.[124] It further maintains that although the final two instances of ineffective assistance of trial counsel were asserted in Valsadi's post-conviction petition to vacate or set aside judgment, Valsadi's failure to file a timely appeal from the denial of that petition has resulted in these grounds likewise being procedurally defaulted.[125]

---

[123] ECF # 1 at 9.

[124] ECF # 8 at 13.

[125] *Id.* at 14.

-28-

ii.    Valsadi's response

Despite the difficulty of organizing the sheer volume of the traverse into clear statements of response to these arguments, Valsadi seems to make the following counter-arguments to the State's assertions regarding ground three:

- Despite the failure to raise the first three sub-grounds to the Ohio Supreme Court on direct appeal, these sub-grounds were effectively raised in the memorandum in support of jurisdiction filed with the Ohio Supreme Court after the denial of the Rule 26(B) application. Valsadi contends that because a Rule 26(B) application is the correct way to assert claims of ineffective assistance of appellate counsel, he should not be penalized for raising these sub-grounds to the Ohio Supreme Court in the context of claims that appellate counsel was ineffective for not raising these issues.[126]

- Sub-ground four was likewise raised in the Rule 26(B) application in the context of framing it as a claim that appellate counsel was ineffective for not raising this issue concerning trial counsel.[127]

- Sub-ground five was admittedly never raised to the Ohio Supreme Court, but that failure should be excused because: (a) Valsadi is from India and lacks knowledge of the law, and (b) Valsadi erroneously relied on "misinformation by a jailhouse legal library clerk" as to the deadlines for timely filing.[128]

iii.    Procedural default – first three sub-grounds

I note initially that the first three sub-grounds at issue here unquestionably concern actions or omissions of trial counsel that are apparent on the record, which appellate counsel

---

[126] ECF # 12 at 8; s*ee also*, ECF # 8-1 at 246-50.

[127] ECF # 12 at 8-10.

[128] *Id.* at 10.

-29-

actually raised in the direct appeal.[129] Valsadi cannot now attempt to resurrect these claims that he failed to include in his direct appeal to the Supreme Court by now arguing that they were more properly asserted in his Rule 26(B) application.

Ohio does not require that a defendant keep a known claim of ineffective assistance of trial counsel out of his direct appeal so as to save that claim for a later Rule 26(B) application. To the contrary, the rule is that ineffective assistance of trial counsel claims, like any other claim, must be raised at the first opportunity, which may be the direct appeal or may be a petition for post-conviction relief.[130]

Thus, Valsadi's argument that he re-introduced the first three sub-grounds of ground three into his later Rule 26(B) application provides no basis by which to excuse the procedural default created by his failure to appeal these issues to the Ohio Supreme Court after they had already been raised in the earlier direct appeal.

iv.    Sub-grounds four and five of ground three

Sub-grounds four and five were initially raised in Valsadi's post-conviction petition to the trial court. The post-conviction petition was denied and then the subsequent appeal dismissed when Valsadi failed to file a brief in support. Valsadi does not deny that he defaulted on these sub-grounds but argues that this failure should be excused because he is a foreign-born layman who relied on incorrect legal advice from another prisoner.

---

[129] ECF # 8-1 at 43-44.

[130] *Moore v. Mitchell*, 708 F.3d 760, 778 (6th Cir. 2013) (citation omitted).

-30-

v.      "Cause" for defaulting sub-grounds four and five

I note initially that any excuse for the admitted procedural default in this instance must be addressed in light of the recent Supreme Court decisions of *Martinez v. Ryan*[131] and *Trevino v. Thaler*.[132] *Martinez* and then *Thaler* recognize and clarify a narrow exception to the long-standing rule of *Coleman v. Thompson*[133] that an attorney's negligence in a post-conviction proceeding cannot establish cause to excuse a procedural default because there is no constitutional right to counsel beyond the initial appeal as of right. As stated in *Trevino*, a federal court may now find cause to excuse a procedural default where:

> (1) the claim of "ineffective assistance of trial counsel"was a "substantial" claim;
>
> (2) the "cause" consisted of their being no counsel or only "ineffective" counsel during the state collateral review proceeding;
>
> (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective assistance of trial counsel" claim; and
>
> (4) state law requires that an "ineffective assistance of trial counsel" claim be raised in an initial-review collateral proceeding.[134]

Setting aside for the moment the requirement that any "cause" argument of ineffective assistance of counsel must itself be exhausted in state court,[135] several district courts in the

---

[131] *Martinez v. Ryan*, __ U.S, __, 132 S. Ct. 1309 (2012).

[132] *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911 (2013).

[133] *Coleman,* 501 U.S. 722.

[134] *Trevino*, 133 S. Ct. at 1918 (quoting *Martinez*, 132 S. Ct. at 1318).

[135] *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000).

Southern District of Ohio have recently observed that because Ohio law requires that an ineffective assistance of counsel claim that relies on evidence *dehors* the appellate record be brought in a post-conviction petition, the *Martinez* exception for excusing procedural default would apply in cases where no counsel or ineffective counsel was present in Ohio cases of a post-conviction petition raising an ineffective assistance of trial counsel claim based on evidence outside of the appellate record.[136]

It is also important to recognize, as *Trevino* does explicitly, that the rule here is concerned with the scope of the holding in *Coleman* dealing with causes sufficient to excuse procedural default[137] and so is not a holding identifying any new constitutional right that could be retroactively applied as a separate ground for habeas relief.[138]

Moreover, although Valsadi does not specifically raise either *Martinez* or *Trevino* in his traverse as foundations for his "cause" argument concerning the default at issue here, he does argue that the cause for the default lies in his inexperience with the legal system as a foreign-born American that caused him to seek legal advice from a "jailhouse legal library clerk."[139] Mindful of the requirement to read the pleadings of *pro se* litigants with leniency, it is does not impermissibly stretch the meaning of Valsadi's cause argument here to read it

---

[136] *Raglin v. Mitchell,* 2013 WL 5468227, at *7 n.7 (S.D. Ohio Sept. 29, 2013); *Henness v. Bagley*, 2013 WL 4017643, at *3 (S.D. Ohio Aug. 6, 2013); *Turner v. Hudson*, 2013 WL 55660, at *4 (S.D. Ohio Jan. 3, 2013).

[137] *Trevino,* 133 S. Ct. at 1918.

[138] *See*, *Hodges v. Colson*, 727 F.3d 517, (6th Cir. 2013).

[139] ECF # 12 at 10.

as being grounded in his absence of counsel. As such, Valsadi's "cause" argument can be understood as making an ineffective assistance of post-conviction counsel argument consistent with the holdings in *Martinez* and *Trevino*.

vi.     "Prejudice" as to sub-grounds four and five

That said, however, any demonstration of "cause" must be accompanied by a showing of "prejudice" in order to overcome a procedural default. Essentially, a showing of prejudice requires that the alleged constitutional error worked to the defendant's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[140] Stated differently, there is no prejudice where the petitioner does not show a reasonable probability of a different verdict.[141] In that regard, as the United States Supreme Court stated in *United States v. Frady*, if there is strong evidence of a petitioner's guilt and lack of evidence in support of the exculpatory claim, the actual prejudice requirement is not met.[142]

Here, Valsadi makes his "prejudice" argument in the context of an entirely different basis for excusing procedural default – actual innocence.[143] But properly understood, his contention that his trial counsel erred in failing to call his wife as a witness at trial does not involve a claim that she could have provided exculpatory evidence such as would demonstrate a miscarriage of justice – *i.e.*, definitive proof that Valsadi was the "wrong

---

[140] *Frady*, 456 U.S. at 170.

[141] *Mason*, 320 F.3d at 629.

[142] *Frady,* 456 U.S. at 172.

[143] ECF # 12 at 10-11.

-33-

man"– but rather goes to defense counsel's choice of trial strategy. In particular, Valsadi now asserts that because his wife would have offered essentially character-vouching testimony his trial counsel was ineffective for (1) not calling his wife as a witness, and (2) inadequately preparing for trial.

As to the purported testimony, Valsadi maintains that his wife, who is "a caucasian American," would have "changed the outcome of the trial" by giving the jury "a totally different image of Valsadi" than the prosecution had in its "inflammatory statement" about "how Indian men treat their women."[144]

A review of the trial transcript indicates that when the prosecutor asked the hotel's owner, Nayan Patel, who is Indian-born but married to "an American girl," if "things in India are different between men and women, correct, than they are in the United States," Valsadi's counsel immediately objected and the trial court convened a sidebar.[145] The prosecutor stated that the State's theory of the case was that "[Indian] men treat women like a piece of property and Mr. Valsadi treated [the victim] like a piece of property."[146] After Valsadi's counsel objected by saying that such an approach was "xenophobic" and "borderline racist," the trial court noted that under Ohio's Rape Shield Law the defense could not develop the argument

---

[144] ECF # 12 at 11.

[145] ECF # 8-4 at 371.

[146] *Id.* at 372.

that the victim was "oversexual" because she ran a sex toys business, and the prosecution could not show Valsadi was "some sexualized person because he's from India."[147]

In the end, the prosecutor was permitted to ask Nayan Patel the single question of whether "it's fair to say that men treat women differently in India than Americans would expect."[148] Patel responded, "I don't think so."[149]

Thus, fairly read, the transcript shows that the trial judge did not permit either the prosecution or the defense to pursue strategies aimed at discrediting the other side by generalizing about certain inferences they wished to draw about the victim's sexual histories or Valsadi's ethnic background. Contrary to Valsadi's implication here, the prosecution theory about guilt being attributable to some particular feature of "Indian men" was limited to a single question to a single witness who answered in the negative.[150]

Here, the actual evidence in support of the conviction was: (1) the testimony of the victim, (2) testimony of a cellmate of Valsadi who stated that Valsadi had admitted to the rape, and (3) testimony of the victim's physician, who diagnosed the victim as suffering from post-traumatic stress from a sexual assault. Mere "character evidence" testimony of Valsadi's

---

[147] *Id.* at 373-74.

[148] *Id.* at 375.

[149] *Id.*

[150] I note that the prosecution did make a reference in closing argument to Valsadi treating the victim as property. ECF # 8-5 at 814-15. But that reference was based on statements Valsadi made to the victim and to his jailhouse cellmate, not in reference to any purported attribute of Indian men than could have been refuted by his wife's testimony to the contrary.

wife would not have addressed, let alone refuted, the evidence of guilt cited above, and thus her testimony would not have made it more likely than not that a reasonable juror would have changed a vote for conviction to one of acquittal.[151] As such Valsadi has not shown "cause" to excuse his procedural default.

vii.    Conclusion – all of ground three is procedurally defaulted

Therefore, as shown above, all of ground three is procedurally defaulted and so should be dismissed.

b.    *Ground four*

i.    Specific allegations, the State's arguments, and Valsadi's response

In this ground, Valsadi raises five separate allegations of ineffective assistance by his appellate counsel:

(1)    failure to raise on appeal the trial judge's failure to advise Valsadi of his constitutional right to appeal without payment as an indigent;

(2)    failure to raise on appeal trial counsel's ineffectiveness in not objecting to the trial court's abuse of discretion in blocking Valsadi from presenting evidence of the victim's prior false accusation of rape;

(3)    failure to raise on appeal a claim against the sufficiency of the evidence;

(4)    failure to raise on appeal trial counsel's ineffectiveness in not listing witnesses who could have testified about the victim committing fraud;

---

[151] In fact, allowing Valsadi's wife to testify as to Valsadi's way of sexually relating to women would actually have opened the door for the prosecution to present other, contrary evidence of Valsadi's sexual conduct with women – evidence that it was otherwise precluded from presenting by the trial judge's previously cited rulings on the applicability of the Rape Shield law to defendants as well as victims. Thus, precluding Valsadi's wife from testifying in this way was actually sound trial strategy.

(5)    failure to raise on appeal the prosecutor's  improper use of other acts evidence against Valsadi.[152]

The State contends that while Valsadi raised some version of the first four sub-claims of this ground to the Ohio Supreme Court in the appeal from the denial of his Rule 26(B) application, he did not raise these claims in the Rule 26(B) application itself.[153] Rather, the State maintains, Valsadi's Rule 26(B) application asserted "various claims that pointed to inconsistencies in the testimony of the State's witnesses, and how appellate counsel was ineffective for not specifically pointing to these inconsistencies – but he did not raise claims regarding Valsadi not being informed of his appellate rights, trial counsel's ineffectiveness for not objecting to the trial court's refusal to allow the victim's past rape accusation to come in at trial, the sufficiency of the evidence on appeal, and trial counsel's ineffectiveness for not calling certain witnesses. These claims do not appear in Valsadi's initial Rule 26(B) application."[154]

Thus, the State asserts, because these sub-grounds were not raised to the Ohio appeals court, and Valsadi has not offered cause for that failure, the first four sub-grounds of ground four are procedurally defaulted and should be dismissed.[155]

---

[152] ECF # 1 at 12.

[153] ECF # 8 at 18.

[154] *Id.* at 18-19.

[155] *Id.* at 19.

For his part, Valsadi argues that sub-grounds two, three, and four were actually raised to the Ohio appeals court in the Rule 26(B) application, but phrased differently or included in other claims.[156]

ii.   Default analysis

The Rule 26(B) application was specifically framed as a response to the appellate court's rejection of a claim of ineffective assistance of trial counsel. The court found that the claim merely alleged that trial counsel failed to object to "a 'litany'" of prejudicial statements made at trial but did not list or specify any particular statements.[157] Thus, without any specific prejudicial statements to review, the appeals court denied the claim.[158] Valsadi, in the Rule 26(B) application, undertook to lay out the specific examples of "prejudicial statements allowed into trial testimony"[159] that should have been raised in the initial appeal and so constitute ineffective assistance of appellate counsel.

So understood, Valsadi's brief in support of the Rule 26(B) application is a long list of claims regarding evidence or testimony at trial, often with multiple, fragmentary

---

[156] ECF # 12 at 12-13.

[157] ECF # 8-1 at 188.

[158] *Id.*

[159] *Id.* at 189.

arguments raised in connection with each cited witness or example.[160] As the State notes, this list does not fairly present current sub-grounds one, two, three, or four to the Ohio courts.

That said, however, a review of Valsadi's brief on direct appeal discloses that he there raised arguments about the trial court abusing its discretion in refusing to allow the victim's past allegation of rape to be brought to the jury (sub-ground two),[161] insufficiency of the evidence (sub-ground three), [162] and use of other acts evidence against Valsadi (sub-ground five).[163] The Ohio appeals court directly addressed each of these arguments and denied them on the merits.[164]

iii.    Detailed analysis and recommended disposition of sub-grounds

In summary, here is the procedural history of sub-grounds one through five of Valsadi's federal habeas ground four, together with analysis of their status in the present habeas proceeding:

- • Sub-ground one (failure to raise trial court's lack of instruction on indigent rights on appeal).

---

[160] The State in the return of the writ has summarized the eleven allegations sprinkled throughout Valsadi's Rule 26(B) brief. *See*, ECF # 8 at 15-16.

[161] ECF # 8-1 at 34-37.

[162] *Id.* at 37-40.

[163] *Id.* at 40-42.

[164] *Id.* at 76-95.

Valsadi raised this sub-ground for the first time in appeal to the Ohio Supreme Court from denial of the Rule 26(B) motion.[165] Valsadi makes no contrary argument in his traverse of any prior presentation of this argument. This sub-ground is procedurally defaulted.

- Sub-ground two (failure to raise trial counsel's ineffectiveness for not objecting to trial court's abuse of discretion related to not allowing testimony about victim's past allegation of rape).

This sub-ground was raised on direct appeal as an assignment of error against the trial court. The court of appeals reviewed this assignment and denied it on appeal. Valsadi did not raise it in the Rule 26(B) application but asserted it in appeal to the Ohio Supreme Court from the Rule 26(B) denial as one against appellate counsel for not raising the argument on direct appeal as one against trial counsel.[166] This sub-ground is procedurally defaulted because – phrased as a claim against appellate counsel for not raising an argument about trial counsel – it was not raised in the Rule 26(B) application.

- Sub-ground three (failure of appellate counsel to raise claim against the sufficiency of the evidence)

This claim rests on a factually incorrect premise, since, as noted, Valsadi's appellate counsel explicitly raised an argument on direct appeal about the sufficiency of the evidence, and that argument was denied after a full review on the merits. Moreover, it is also procedurally defaulted because this second sufficiency of the evidence argument was not

---

[165] *Id.* at 248.

[166] *Id.*

-40-

raised in the Rule 26(B) application to the Ohio appeals court but first made in the brief to the Ohio Supreme Court.[167]

- Sub-ground four (failure to raise trial counsel's ineffectiveness for not listing witnesses who could testify as to victim's prior fraud).

Valsadi first raised this sub-ground in appeal of the denial of the Rule 26(B) application to the Supreme Court of Ohio.[168] Valsadi's contention that this claim was raised in the Rule 26(B) application itself, when he mentioned that "Lisa Case" should have been subpoenaed,[169] is factually incorrect as a foundation for this claim. The reference to Lisa Case in the Rule 26(B) application was in the context of Lisa Case being able to show inconsistencies in the testimony of Tiffany Dutkiewicz – who testified that Valsadi had tried to kiss her at the motel – and not that Lisa Case could give testimony as to any prior fraud of the victim.[170] The witnesses whom Valsadi asserts should have been called to testify as to the victim's prior fraud are Glen Welling and Patricia Caserta – individuals who were not identified until the appeal of the Rule 26(B) denial to the Ohio Supreme Court.[171] Thus, this sub-ground is procedurally defaulted for not being first fairly presented to the appeals court.

- Sub-ground five (failure to raise issue on appeal the use of other acts evidence against Valsadi).

---

[167] *Id.* at 249.

[168] *Id.* at 250.

[169] *Id.* at 192-94.

[170] *Id.*

[171] *Id.* at 250.

Again, the form of this allegation has shifted over time. In the direct appeal, appellate counsel did explicitly raise the issue that the trial court erred in permitting the testimony of Tiffany Dutkiewicz concerning a prior act when Dutkiewicz said Valsadi tried to get her to have sex with him and then kissed her against her wishes.[172] The Ohio appeals court denied this claim after a full review focusing on the Ohio rules on the admissibility of other acts evidence.[173] In the Rule 26(B) application, Valsadi essentially re-asserted the same claim that the trial court had "abused its discretion in allowing the State to admit witnesses that showed Valsadi's bad character with respect to prior sexual acts or advances."[174]

But, in the appeal from the denial of that Rule 26(B) application to the Ohio Supreme Court, this argument shifted from one asserting abuse of discretion by the trial court to a claim that appellate counsel failed to raise a conflict between Ohio's Sixth and Ninth Appellate Districts over how to interpret Ohio law on other acts evidence.[175]

Here, the federal habeas petition merely – and ambiguously – frames this claim as "appellate counsel should have objected to other acts evidence used to convict."[176]

As stated above, it is well-established that the federal habeas claim must be the same claim on the same theory as the claim raised to the state court. Here, there is no indication

---

[172] *See*, *id.* at 88.

[173] *Id.* at 88-91.

[174] *Id.* at 195.

[175] *Id.* at 251.

[176] ECF # 1 at 12.

that the state appeals court was given the opportunity to review a claim based on a purported conflict between Ohio appeals courts. Further, it is not clear that the claim raised to this court is that Valsadi's appellate counsel was ineffective for not raising that conflict to the Ohio courts, or that he was ineffective for not raising an objection of any kind to the use of other acts evidence. Manifestly, he raised a claim on direct appeal concerning other acts evidence framed in terms of alleged abuse of discretion – and such claim was reviewed and denied. Thus, to that extent, there is no factual premise for an ineffective assistance of counsel claim. Further, if the argument now is that appellate counsel should have pointed out a conflict in state law on appeal, that argument – to the extent that it even states a federal constitutional claim for relief – was not raised in the Rule 26(B) application, but was only later inserted in the brief to the Ohio Supreme Court.

Thus, insofar as this sub-claim does state something other than purely a non-cognizable state law evidentiary dispute, it is procedurally defaulted for not having been raised in its present form to the Ohio appeals court as part of the Rule 26(B) application.

## Conclusion

For the reasons stated, I recommend that the petition of Tinkesh Valsadi for a writ of habeas corpus be dismissed in part and denied in part, as is more fully set forth above.

Dated: November 15, 2013                    s/ William H. Baughman, Jr.
                                             United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[177]

---

[177] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).