PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TINKESH VALSADI, | ) | |
| | ) | CASE NO. 3:11CV2014 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| EDWARD SHELDON, Warden, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 14] |

Petitioner Tinkesh Valsadi, an Ohio prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging four (4) grounds for relief which challenge the constitutional sufficiency of his conviction in Wood County, Ohio Court of Common Pleas Case No. 2009CR0095. The case was referred to Magistrate Judge William H. Baughman, Jr. for a Report and Recommendation. The magistrate judge subsequently issued a Report & Recommendation (ECF No. 13). In his Report, the magistrate judge recommends that the petition be dismissed in part and denied in part. Petitioner filed Objections to the magistrate judge's Report (ECF No. 14). This Court, after reviewing the objections, hereby adopts the Report and dismisses in part and denies in part the petition.

**I. Facts**

On direct appeal, the Ohio Court of Appeals described the factual background of Valsadi's trial and conviction as follows:

> {¶ 1} . . . Appellant was indicted for rape on February 19, 2009. A jury trial commenced on June 10, 2009. The victim testified that in 2007, she was

(3:11CV2014)

employed as a manager at a Perrysburg, Ohio hotel. While there, she met appellant. Appellant, who resided at the hotel, was also employed by the hotel to assist in hotel renovations. In July 2007, the victim asked her boss for his permission to use the hotel laundry facilities for her own laundry. Her boss agreed and the victim and her sister brought the victim's laundry to the hotel. Around the same time, appellant also used the laundry facilities. The victim and her sister told appellant that they would take care of his laundry as well so appellant left.

{¶ 2} Later, the victim testified that appellant, appearing intoxicated, came back to the laundry room. The three people talked for awhile before the victim and her sister decided to leave to get some food. When they returned, appellant was still sitting in the laundry room. The victim's sister decided to leave. The victim testified that she told appellant she would finish his laundry. Appellant again left. When he returned, the victim had already folded his laundry. The victim testified that he asked her to help him carry the clothes back to his room and she agreed.

{¶ 3} When they arrived at his room, the victim testified that appellant pulled her inside as she was handing him his clothes. As she protested, he pushed her up against the wall and began kissing her. She pushed him away and in the process, she fell over a suitcase and onto the bed. She testified that appellant then got on top of her and restrained her arms. She testified that she was crying and screaming and asking appellant to let her go as he raped her. When he was finished, he rolled over and had a cigarette. The victim testified that she grabbed her clothes intending to leave when appellant pulled her back onto the bed and again forcibly raped her as she was asking him to stop. When he was finished, the victim testified that he either passed out or fell asleep. She then left the room, retrieved her laundry, briefly spoke to the front desk clerk and left.

{¶ 4} The victim testified that she did not tell anyone in 2007 what had happened to her at the hotel because she was afraid she would lose her job. Shortly after the incident, the victim testified that appellant sent her threatening text messages instructing her to keep her mouth shut. In July 2008, the victim went to the police to report on another unrelated matter. In the course of her discussion with the police, she told them that appellant had raped her in 2007.

{¶ 5} Bridget Lee testified that she was working as a desk clerk at the hotel on the night the victim claimed she was raped. She testified that she spoke to the victim as she was leaving the motel and that she seemed very upset. She asked the victim what was wrong and the victim responded "[I] don't want to talk about it."

(3:11CV2014)

{¶ 6} Eon Ducat testified that in March 2009, he was in the Wood County Jail serving time for failing to pay child support. While there, he met appellant. Ducat testified that he asked appellant why he was in jail. Appellant told him that he had been accused of rape. Ducat testified that appellant told him that he raped a woman he worked with at a hotel. Appellant told him that the woman was screaming and begging him to stop but "it just felt good." Ducat testified that appellant was upset about being in jail and that he stated: "[I] wish I would have just killed her." Ducat testified that the woman had the same first name as the victim in this case.

{¶ 7} Ducat testified that he did not receive any compensation for his testimony or any reduction in sentence for his testimony. He testified that he came forward out of concern for his own family and other future victims.

{¶ 8} Detective Nicholas Cook of the Perrysburg Police Department testified that he met the victim on July 16, 2008, when she came to the station to report on an unrelated matter. As she was explaining her reason for being at the police department, Cook testified that she became emotional and started to tell him that she had been raped a year earlier at a Perrysburg hotel. The description of the rape the victim gave to Detective Cook mirrored the victim's own trial court testimony. Cook testified that he asked her why she had waited so long to report it and she told him that it was because she was in fear of losing her job. In addition, the victim told Cook that appellant had been involved in another incident with another employee. Specifically, appellant had attempted to kiss an employee named Tiffany [Dutkiewicz]. When Tiffany complained to her boss, appellant was fired.

{¶ 9} Detective Cook then contacted appellant and asked him about the victim's allegation. According to Detective Cook, appellant told him that it was not true and that the victim had just made up the story to prevent appellant from becoming the hotel manager. Appellant also denied attempting to kiss the other hotel employee and he denied that he was fired.

{¶ 10} Nayan Patel testified that in 2007 he owned a Perrysburg, Ohio hotel that employed the victim and appellant. Patel testified that he fired appellant for attempting to kiss another employee.

{¶ 11} Appellant himself took the stand in his own defense. He denied that he raped the victim. He testified that on the night in question he asked the victim if she had permission to do her own laundry at the hotel. She told him that she did. Appellant testified that he then called Patel to ask if she in fact did have permission to use the laundry facilities and Patel confirmed that she did.

3

(3:11CV2014)

> Appellant testified that the victim did not help him do his laundry and that she did not follow him back to his room when he was finished with his laundry.
>
> {¶ 12} On June 12, 2009, the jury found appellant guilty of first degree rape. He was sentenced to serve six years in prison. . . .

*State v. Valsadi*, No. WD-09-064, 2010 WL 4027680, at *1-2 (Ohio App. 6th Dist. Oct. 15, 2010) (ECF No. 8-1 at PageID #: 162-66).

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

Where objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Near verbatim regurgitation of the arguments made in earlier filings are not true objections. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review. *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b). *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006). "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id*.

(3:11CV2014)

(citing *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

Accordingly, this Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

### III. Law & Analysis

The Court concurs with the observation of the Magistrate Judge that "subject to the procedural default arguments raised by the State, it appears that Petitioner's claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure." ECF No. 13 at PageID #: 1085.

Petitioner requests that the Court "appoint a counsel pursuant to rule 8(c) and hold an evidentiary hearing to develop the factual bases of his claims." ECF No. 14 at PageID #: 1116. The constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for writ of habeas corpus, which is a civil proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003), *reh. denied*, 539 U.S. 970 (2003); *see also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (same, collecting Supreme Court cases). There is no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *see also* 18 U.S.C. § 3006A(a)(2)(B) (counsel may be appointed for persons seeking relief

(3:11CV2014)

under 28 U.S.C. § 2254 who are financially eligible whenever "the court determines that the interests of justice so require"). The appointment of counsel is mandatory only when an evidentiary hearing is required. Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). "Where no evidentiary hearing is necessary, as in the instant case, the district court will often consider (1) the legal complexity of the case, (2) factual complexity of the case, and (3) petitioner's ability to investigate and present his claims, along with any other relevant factors." *Gammalo v. Eberlin*, No. 1:05CV617, 2006 WL 1805898, at *2 (N.D. Ohio June 29, 2006) (Boyko, J.) (citing *Hoggard, supra*). "Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." *Hoggard*, 29 F.3d at 471 (citation omitted).

Here, the Court is not persuaded that the interests of justice or due process necessitate the appointment of counsel on Petitioner's behalf. The factual predicate for the grounds for relief raised by Petitioner is already apparent on the record. Moreover, Petitioner fails to explain how an evidentiary hearing would further his argument.

Pursuant to § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a writ of habeas corpus may not be granted unless the state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

6

(3:11CV2014)

28 U.S.C. § 2254(d)(1)-(2); *see also* Harris v. Stovall, 212 F.3d 940, 942 (6th Cir. 2000).

### *A. Ground One*

Petitioner objects that Ground One

> should be well taken because Ohio appeals court unreasonably applied federal law in denying Valsadi's right to confront and cross examine victim regarding prior *false* allegations of sexual activity which would have hurt the credibility of the victim and change the outcome of the trial.

ECF No. 14 at PageID #: 1123 (emphasis added).  Petitioner asserts that the state trial court's exclusion of certain evidence violated his constitutional rights to confront witnesses and present a defense.  This objection is overruled and Ground One is denied on the merits.  The adjudication of these issues by the state courts represents a reasonable application of Supreme Court precedent.

Because the Ohio Supreme Court denied leave to appeal, the Ohio Court of Appeals issued the last reasoned opinion addressing Ground One of Valsadi's Petition.  *See* State v. Valsadi, No. WD-09-064, 2010 WL 4027680 (Ohio App. 6th Dist. Oct. 15, 2010) (ECF No. 8-1 at PageID #: 162).  The State Court of Appeals held that the trial court did not err in excluding evidence under Ohio's rape shield law, Ohio Rev. Code § 2907.02(D), that the victim made previous allegations of sexual assault against a hotel patron that a hearing officer for the patron's employer did not find to be credible.  *Id.* at *5-6.  The state courts found that Petitioner had not met his burden of proving that the victim's allegations against the hotel patron were false.  *Id.* at *6.  Petitioner contends in Ground One that the trial court denied him the right to confront and cross-examine witnesses, a fair trial, and due process of law in not allowing him to present evidence of the victim's prior "false" allegation of sexual assault by the hotel patron.

7

(3:11CV2014)

The Court accepts the recommendation of the Magistrate Judge that Ground One should be denied on the merits because the decision of the state appeals court, *i.e.* that evidence of a prior sexual assault charge by the victim was inadmissible and so did not violate the Confrontation Clause, was not an unreasonable application of the clearly established federal law of *Chambers v. Mississippi*, 410 U.S. 284 (1973).  *Boggs v. Collins*, 226 F.3d 728 (6th Cir. 2000) rejected a similar argument to that advanced by Valsadi, observing that no matter how central a victim's credibility is to a defense in a rape case, "the Sixth Amendment only compels cross-examination if that examination aims to reveal the motive, bias or prejudice of a witness/accuser." *Id.* at 740.  Absent such a targeted examination, "the Constitution does not *require* that a defendant be given the opportunity to wage a general attack on credibility by pointing to individual instances of past conduct [by the alleged victim]." *Id.* (emphasis in original).  As noted by Magistrate Judge Baughman in another report and recommendation—in *Jordan v. Warden, Lebanon Correctional Inst.*, 675 F.3d 586, 595-96 (6th Cir. 2012), the Sixth Circuit reaffirmed the rule in *Boggs* that there is no violation of the Confrontation Clause where, similar to the case at bar, Ohio's rape shield law was invoked to preclude cross-examining the complaining witness as to her prior sexual history as part of only a general attack on her credibility.  *Foster v. Banks*, 1:10CV1578, 2014 WL 3810634, at *23 (N.D. Ohio Aug. 1, 2014) (Wells, J.), adopting attached report and recommendation.

Therefore, the trial court's decision to limit the cross-examination of Petitioner and the Ohio Court of Appeals' conclusion that Valsadi's rights under the Confrontation Clause were not violated by the exclusion of this evidence were not contrary to or an unreasonable application of

(3:11CV2014)

clearly established federal law. *See Piscopo v. Michigan*, 479 Fed.Appx. 698, 701-03 (6th Cir. 2012) (determination in habeas case that trial court's refusal to permit petitioner to question victim about prior, allegedly false accusation of sexual abuse by her father did not violate petitioner's rights under Confrontation Clause was reasonable).

### B. Ground Two

Petitioner next objects that his second habeas claim

> should be well taken because admission of prior bad acts evidence violated rights of due process and equal protection. A constitutional violation of due process and equal protection is a violation of Federal Law.

ECF No. 14 at PageID #: 1125. Petitioner alleges that admission of prior bad acts evidence (the unwanted sexual advance against Tiffany Dutkiewicz) violated Petitioner's rights to due process and equal protection.[1] This objection is overruled and this ground is dismissed as stating a non-cognizable state-law evidentiary claim. Moreover, the admission of other acts evidence in this case did not result in the denial of fundamental fairness as that term is understood by the United States Supreme Court.

---

[1] Petitioner did not present this argument in the state courts on direct appeal as one involving his constitutional right to equal protection. The Court notes, however, that Petitioner did present it as one involving equal protection when he appealed the denial of his Rule 26(B) Application to the Ohio Supreme Court. *See* ECF No. 8-1 at PageID #: 329. He does not claim that he presented it earlier. *See Chasteen v. Warden, Madison Correctional Inst.*, No. 1:10-cv-804, 2012 WL 122355, at *9 (S.D. Ohio Jan. 17, 2012) (Even if the Ohio Supreme Court had accepted petitioner's appeal from the denial of his Rule 26(B) Application, it would not have considered this particular sub-claim because it is axiomatic that that court will not consider matters that have not been presented to the lower Ohio courts, including constitutional questions). Notwithstanding, Petitioner has not explained in his Objections (ECF No. 14) how there could have been any Equal Protection violation.

(3:11CV2014)

It is not the province of a federal habeas court to reexamine state court determinations on state law matters, which includes rulings regarding the admission or exclusion of evidence. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988); *accord Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Only where the violation of a state's evidentiary rule results in the denial of fundamental fairness, thereby violating due process, will federal courts provide habeas corpus relief. *Cooper*, 837 F.2d at 286. "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Bugh*, 329 F.3d at 512 (internal quotation marks omitted). A state court evidentiary ruling will be reviewed by a federal habeas court only if it were so fundamentally unfair as to violate the petitioner's due process rights. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000). "[T]he Supreme Court has defined 'very narrowly' the category of infractions that violates 'fundamental fairness.'" *Bey v. Bagley*, 500 F.3d 514, 522 (6th Cir. 2007) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)) (internal quotation marks omitted). Valsadi's trial did not violate any principles of fundamental fairness. *See Williams v. Turner*, No. 3:12CV2768, 2014 WL 4441409, at *16, 18 (N.D. Ohio Sept. 9, 2014) (Helmick, J.), adopting attached report and recommendation (even if the Court finds that petitioner's ground for relief, *i.e.*, trial court erred in allowing the State to introduce testimony and other evidence of his prior bad acts and his criminal history, survives noncognizability and procedural default, it is not contrary to Supreme Court precedent under the AEDPA; and petitioner failed to show that the admission of this evidence rendered his trial fundamentally unfair).

10

(3:11CV2014)

### C. Grounds Three and Four

Petitioner objects that his third ground for relief—ineffective assistance of trial counsel (five sub-grounds)—

> should be well taken as these claims were present[ed] fairly to the State[ ] courts and were given a fair opportunity to rule on these grounds.

ECF No. 14 at PageID #: 1127.  Petitioner also objects that ground four—ineffective assistance of appellate counsel (five sub-grounds)[2]—should be well taken because his appellate counsel "[f]ailed to appeal the multiple and cumulative errors."  ECF No. 14 at PageID #: 1129.[3]  These objections are overruled and grounds three and four are dismissed as procedurally defaulted.

As stated above, near verbatim regurgitation of the arguments made in earlier filings are not true objections.  Petitioner's Objections to the Magistrate Judge's Report regarding grounds three and four cite the Court to the arguments made in his 51-page Traverse (ECF No. 12).  *See* ECF No. 14 at PageID #: 1128-29.  These are not true objections.  Rather, it is a mere restatement of arguments Petitioner set forth in his Traverse which were thoroughly addressed by the Magistrate Judge in his Report & Recommendation.  ECF No. 13 at PageID #: 1098-1114.

---

[2]  The Court also notes that the objection regarding ground four mentions sub-grounds six and seven set forth at PageID #: 47-51 of the Traverse (ECF No. 12).  A traverse, however, is not the proper pleading to raise additional grounds for relief.  *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) ("Because the penalty-phase insufficiency argument was first presented in Tyler's traverse rather than in his habeas petition, it was not properly before the district court, and the district court did not err in declining to address it.  Nor is the issue properly before this court." (citations omitted)).

[3]  Respondent contends that all of ground three and four of the five listed sub-grounds of ground four are procedurally defaulted.  ECF No. 8 at PageID #: 55-63.  Respondent asserts that sub-ground five (appellate counsel should have objected to other acts evidence used to convict) can be heard on the merits.  ECF No. 8 at PageID #: 63.

11

(3:11CV2014)

Despite being under no legal obligation to do so, the undersigned has reviewed the analysis of the magistrate judge relative to Petitioner's third and fourth grounds for relief. The Court concurs with the magistrate judge's finding that Petitioner procedurally defaulted his third and fourth grounds, something that typically precludes federal habeas review. *See* Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) ("If a habeas corpus petitioner is barred from presenting one or more of his claims to the state courts because of procedural default, he has waived those claims for purposes of federal habeas corpus review. . . ."); *see also* Booth v. Carlton, No. 95-6448, 1997 WL 135495, at *1 (6th Cir. March 24, 1997) (petitioner "procedurally defaulted his first claim as he did not present the issue to the highest state court, *see* 28 U.S.C. § 2254(b)"). However, "[w]hen a habeas claim is procedurally defaulted, it may nevertheless be considered if the petitioner shows 'cause for the procedural default and prejudice attributable thereto. . . .'" Burroughs v. Makowski, 411 F.3d 665, 667 (6th Cir.2005) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)); *see also* Hall v. Vasbinder, 563 F.3d 222, 236 (6th Cir. 2009) ("A defendant can overcome a procedural default by showing (a) cause for the default and (b) actual prejudice from it."). The Court finds Petitioner has not demonstrated both cause for the procedural default and actual prejudice arising from the alleged constitutional error. Petitioner merely cites cases and offers conclusory assertions in his Objections (ECF No. 14) without attempting to apply the law to the facts of his case.

Even though Petitioner has not shown "cause and prejudice," he may still be entitled to have his clams heard on habeas review if he can show that failure to do so would result in a fundamental miscarriage of justice. Jurists of reason would agree that the procedurally defaulted

12

(3:11CV2014)

claims should not be reviewed because Valsadi has not shown cause and prejudice or demonstrated that a failure to review his claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has failed to make a strong showing of actual innocence since he does not meet the narrow exception reserved for and explicitly tied to actual innocence. Failure to meet this miscarriage of justice exception precludes review on the merits of Petitioner's procedurally defaulted claims. In conclusion, Petitioner is bound by his procedural default and he cannot obtain habeas review of his third and fourth grounds for relief.

### IV. Conclusion

Plaintiff's Objections (ECF No. 14) are overruled and the Report & Recommendation (ECF No. 13) of the Magistrate Judge is hereby adopted. Tinkesh Valsadi's Petition for a Writ of Habeas Corpus is dismissed in part (Grounds Two, Three, and Four) and denied in part (Ground One). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

 September 26, 2014  /s/ Benita Y. Pearson
Date Benita Y. Pearson
 United States District Judge